OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Nationwide Insurance Company, Appellee, v. Corliss et al., Appellants.

[Cite as Nationwide Ins. Co. v. Corliss (1993),     Ohio St. 3d     .]

Insurance -- Underinsured motorist coverage -- Wrongful death claim -- Each person entitled to recover under R.C. 2125.02 has separate claim subject to any per accident limit -- Insurers may contractually preclude intrafamily stacking but may not contractually preclude interfamily stacking -- Underinsurance claim must be paid, when -- Each person who is covered by an uninsured/underinsured policy has a separate claim subject to a per person policy limit.

(No. 93-1518 -- Submitted November 10, 1993 -- Decided December 29, 1993.)

Appeal from the Court of Appeals for Butler County, No. CA92-11-234.

Baden & Jones Co., L.P.A., and Thomas P. Erven, for appellee.

Daniel J. Gattermeyer, for appellant.

Pursuant to Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St. 3d 500,     N.E.2d     , the judgment of the Court of Appeals for Butler County is reversed.

A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., concurs separately.

Wright, J., dissents.

Moyer, C.J., concurring separately.    I concur separately in the judgment entry in the above-styled case. As my dissent in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500,     N.E.2d     , stated, I do not agree with the law announced in the majority decision. Nevertheless, it is the law on the issue in the above-styled case. As I believe all parties should receive equal application of the law announced by this court, and only for that reason, I concur in the judgment entry.

Wright, J., dissenting. I must dissent in continuing protest to the majority's sundry holdings in Savoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, 620 N.E.2d 809. As stated in the dissent in Savoie, that holding lacks sound reasoning, reverses ten years of established case law and flaunts the will of the General Assembly. Thus, I feel compelled to remain in this posture until the General Assembly has had the opportunity to undo the damage caused to the public by this unfortunate, result-oriented decision.